Milligan, J.,
delivered the opinion of the Court.
This is an action commenced by attachment in the Circuit Court of Henry County, against the defendants, as indorsers of the following promissory note:
“$4,000.00.
“Feliciana, ICy., July 30, 1859.
“Six months after date, we jointly and severally. promise to pay to the order of R. H. Short & Co., composed of Robert H. Short and Robert S. Howard, four thousand dollars — value received — with eight per cent, interest per annum after maturity, until paid; and payable at their office in the City of New Orleans, Louisiana. “W. Gr. Clanton,
“Ladd,. Clemons & Co.”
The note was indorsed by the defendants, tc Cayce & Hopkins, and by them to the plaintiffs, Trabue, Davis & Co.; and at its maturity, regularly protested for nonpayment, and due notice of the dishonor thereof given to the makers and indorsers.
It is agreed that at the time of the execution and indorsement of the note, all the parties thereto were citizens of the State of Kentucky, and that the note was executed and delivered to the defendants in said *295 State, and by them, in Kentucky, indorsed and delivered to Cayce & Hopkins, and by Oayce & Hopkins, to the plaintiffs, Trabue, Davis & Co.
To the declaration, the defendants put in two special pleas: 1st, lies judicata; and, 2d, That the note in controversy was indorsed in the State of Kentucky; and by the laws of that State, “an assignor of a promissory note is liable on his indorsement, alone to his immediate assign&f, and to him only, after he has prosecuted to insolvency the maker of the note, using due diligence, which defendants aver, has not been done.”
The jury, under the instructions of the Court, found for the defendants; and judgment was pronounced discharging the attachment and directing the money seized under it, then in court, to be delivered up to the defendants; from which the plaintiffs appealed to this Court.
1st, The first question naturally arising on this record, is, under the plea of res judicata.
In May, 1860, prior to the institution. of the present action, the plaintiffs in this suit, under the firm name of “James Trabue & Co.,” instituted their action in the Second -District Court of Hew Orleans, against the defendants in this action, on a note identical in all respects, with the note exhibited with the declaration in the present action. Judgment in that cause, was pronounced against the defendants for four thousand dollars, with interest thereon at the rate of eight per centum per annum, from the 2d day of February, 1860) until paid. Erom this judgment the defendants appealed to the Supreme Court of the State of Louisiana. On *296 the hearing, the same defenses relied on in this Court, were set up and insisted on in that Court. The Supreme Court reversed the judgment of the inferior court, and dismissed the action without prejudice.
Now, it is insisted, as the liability of the defendants on their indorsement in Kentucky, under the laws of that State, came under review in the Supreme Court of Louisiana, although the final judgment was not predicated altogether on the defendant’s «liability on their contract of indorsement in Kentucky, that the judgment constitutes a bar to the present action. We do not think so. True, the learned Judge who delivered the opinion of the Court, while discussing the defendants’ liability on their indorsement of the note in question, after laying down the general rule that governs in such cases, says: “That the agreement or obligation of defendants as indorsers having been entered into in Kentucky, without expressing a different place of performance, must, under the above general rule, be regulated by the law of Kentucky. The fact that the payers reside where the note is payable, does not amount to such a designation of the place of performance as to take it out of the general rule. The parties at the time of making the indorsements were all in Kentucky, and are presumed by law, to have contracted with reference to the laws of that State:” Citing Story on Conflict, sec. 316, a. b.; 6 Cranch, Slacum vs. Pomeroy, 221.
The Court continues — “doubtless the defendants may be sued on their indorsement, and the duties of the holders are governed by the law of Kentucky, when *297 tbe endorsement was made. Snob 'was the ruling in the case of Durman vs. Sparrow, 3 La. R., 167, which was,” a note indorsed “in Louisiana, and payable in Mississippi.”
Whatever effect may be given to the opinion of the Supreme Court of Louisiana, in this case, in determining the second proposition that arises on this record, it is clear that' it was not intended by the learned Judge who delivered it, that it should constitute a bar to all future actions between the parties to this suit: nor could it have that effect, had it been so intended. Not that the judgment of a Court of competent jurisdiction in one of the States of the Union, is not binding upon the parties to the suit and their privies here, and cannot be re-adjudicated, but because no final judgment, fixing the rights of the parties on the merits, was rendered in the Supreme Court of' Louisiana, and the action was dismissed without prejudice: Hodges vs. Bauchman, 8 Yer., 186-190; Haggatt, Trustee, etc., vs. White, 2 Swan, 265; Peak vs. Ligon, 10 Yer, 469.
2d, On the second ground of defense, it is assumed that the law of the place where the contract of indorsement was made, furnishes the rule of its exposition.
The general rule is, that every contract as to its validity, nature, obligation and interpretation, is governed by the law of the place where it is made, and is to be performed. But the parties may, by their own act, change this general rule, and so contract that the lex loci contractus, will not govern the execution of the contract. This occurs when the parties enter into *298 a contract under one government, which is to be performed under another, and have in view the laws of such other country, in reference to the execution of the contract. In such a case, as a general rule, the contract, in respect to its construction and force, will be governed by the laws of the country or State in which it is to be executed: Story on Conflict, sec. 272; 2 Kent Com., 459, mar.; also, Story on Promissory Notes, sec. 159, 160, 161, 165.
In view of these general principles, as applicable to the case under consideration, it must be borne in mind that there is a well defined distinction between the obligation of the drawer or maker of every kind of negotiable paper, and the obligation of the acceptor; and also of the indorser: 2 Kent’s Com., 460, mar., and note D.; see also, Harey vs. Bacon, 9 Yer., 308; Green et al. vs. Bond, 5 Sneed, 328.
What then, was the understanding of the parties to the note in question? We have seen that all the parties to it were citizens of the State of Kentucky, when it was executed; and that it was made and indorsed in the State of Kentucky, but payable in the City of New Orleans.
The makers, by the terms of their contract, undertook to pay it at maturity, at the place of performance stipulated on the face of the note. The law of Louisiana, without doubt, governs the contract of the makers. But it does not always follow, that the same law which governs the contract of the maker or drawer of negotiable paper, also governs the acceptor and indors-ers. The one may be governed by the law of one *299 government or State, and the other, bj another, dependent upon the place in which the contract was made, or was to be performed: 2 Kent’s Com., 460, mar., and note D. Every indorsement is a separate contract; and in this case, the indorsers undertook, in default of payment by the makers, upon due protest and notice, to reimburse the holder, in principal and damages, at the place where they entered into the contract, unless it appears by agreement, on the face of the note, or may be implied from the nature, object, and occasion of the contract, that they indorsed the paper in view of the laws of Louisiana, where the note is payable. There is no such intention expressed on the face of the note, nor can it be implied from the facts and circumstances of the indorsement. The fact that the note is payable in Louisiana, is not enough. That is the maker’s undertaking; but the indorser’s contract is separate and distinct; and being made without any view of performance under the laws of Louisiana, it must be governed, both upon principle and authority, by the laws of Kentucky, where it was made: Green vs. Bond, 5 Sneed, 328; 2 Kent’s Com., 460 mar., note D; Story on Conf., secs. 316, 267, 347 — latter part, 360; Hendrick vs. Franklin, 4 John. R., 119; Hicks vs. Brown, 12 John. R., 142; also, 2 John. R., Smith vs. Smith, 242.
The Supreme Court of Louisiana, whose opinion in this case is entitled to great respect, came to the same conclusion to which we have arrived, and upon various authorities to which we have not had access: among *300 wbich, is Short & Co. vs. Trabue & Co., 4 Metcalfs Ky. R., 299; 15 Ind., 33, etc.
As to the averments of the defendants, in the second plea in reference to the statute of Kentucky, and their liability as indorsers to their immediate indorsee only, and that after the makers were prosecuted with due diligence to insolvency, we need say nothing. The Kentucky statute is not before us; and the question arising under it, is one of fact, which, under the charge of the Court, was left fully to the jury; and they found against the plaintiffs, upon evidence, to say the least of it, sufficient to support the verdict; and we could not, on that ground, under our practice, disturb it.
Judgment affirmed.